UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TREMEL ROSARIO,

                              Plaintiff,

          v.                                      1:22-CV-1112
                                                            (BKS/DJS)

JON DOE, *et al.*,

                              Defendants.

**APPEARANCES:**

TREMEL ROSARIO
Plaintiff, *Pro Se*
20-A-0975
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      Plaintiff filed a Complaint which is pending before this Court for review. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 9, which the Court has granted.

# I. SUFFICIENCY OF THE COMPLAINT

## A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.*

at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

Plaintiff alleges that Defendants were involved in searching his cell phone without a warrant and using information gleaned from that search to prosecute him. *See generally* Compl. Specifically, Plaintiff alleges that the John Doe Defendants, who are identified as law enforcement officers, unlawfully wiretapped his phone beginning in February 2018. Compl. at ¶ 3. He maintains that a warrant authorizing a search of his phone was not obtained until April 2018. *Id.* at ¶ 9. He alleges that Defendants Keary and Sharpe, identified as the prosecutors, then used the improperly obtained information to secure an indictment against him. *Id.* at ¶ 26. The Complaint asserts claims under the Fourth and Fourteenth Amendments, alleging unlawful search and seizure, a violation of substantive due process, and malicious prosecution. *Id.* at ¶¶ 9, 16, 21, & 26.

## C. Analysis of the Complaint

Upon a review of the Complaint, the Court recommends that it be dismissed.

### 1. Heck v. Humphrey

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. "In determining whether the *pro se* Complaint should be dismissed prior to service, the Court must first determine whether it violates the *Heck* rule." *Thomas v. Heid*, 2017 WL 9673716, at *2 (N.D.N.Y. Dec. 6, 2017), *report and recommendation adopted*, 2018 WL 1773130 (N.D.N.Y. Apr. 12, 2018). Here, Plaintiff's own pleadings establish that it would. The gravamen of Plaintiff's Complaint is clearly that his conviction was unlawful because of the Fourth Amendment violation alleged in the Complaint. *See, e.g.*, Compl. at ¶¶ 15 & 21. "[C]ourts routinely dismiss § 1983 claims that implicate the validity of the prisoner's conviction or sentence when he has failed to demonstrate that his conviction was favorably terminated." *Livingston v. Henderson*, 2019 WL 1427689, at *9 (N.D.N.Y. Mar. 29, 2019). Here, Plaintiff does not allege that his conviction has been reversed. *See* Compl. Indeed, he attaches a Criminal Procedure

Law section 440 motion he filed in October 2022 attacking his conviction. *Id.* at Ex. A. Department of Corrections and Community Supervision records indicate that he is presently incarcerated as a result of the Saratoga County conviction addressed in the Complaint. *See* HTTPS://NYSDOCCSLOOKUP.DOCCS.NY.GOV/ (search using Plaintiff's name and DIN number).

Because Plaintiff maintains that the unlawful search alleged in the Complaint calls into question the validity of his underlying conviction, this claim is barred under the rule enunciated in *Heck* because that conviction has not been invalidated. Thus, Plaintiff's Section 1983 civil action is not cognizable absent proof that his sentence was reversed, expunged, declared invalid, or called into question. *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999).

### 2. Substantive Due Process

Plaintiff also alleges that "Substantive due process rights were violated, when the agents (Jon/Jane Doe) unlawfully wiretapped the Plaintiff's cell phone." Compl. at ¶ 18. This claim is based on the precise facts underlying his Fourth Amendment claim. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal quotations omitted). The due process claim, therefore, is duplicative of Plaintiff's Fourth Amendment claim and is

subject to dismissal on that basis. *Hall v. Brown*, 489 F. Supp. 2d 166, 174 (N.D.N.Y. 2007).

### *3. Malicious Prosecution*

Moreover, to the extent Plaintiff seeks to pursue a malicious prosecution claim, *see* Compl. at ¶¶ 15 & 26, that claim must be dismissed. "[A] Fourth Amendment claim under § 1983 for malicious prosecution requires the plaintiff to show a favorable termination of the underlying criminal case against him." *Thompson v. Clark*, 142 S. Ct. 1332, 1338 (2022). Plaintiff cannot do so here as he remains incarcerated pursuant to the conviction that resulted from the conduct asserted in the Complaint.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN</u>**

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated: January 31, 2023
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge